**McMULLEN et al. v. HEAD et al.**

No. 3198.

District Court, E. D. Michigan, S. D.

July 6, 1945.

Gray & Smith, E. J. Gray, all of Detroit, Mich., and B. E. Shlesinger, of Rochester, N.Y., for plaintiffs.

Whittimore, Hulbert & Belknap, of Detroit, Mich., for defendants.

LEDERLE, District Judge.

Findings of Fact

1. This is an action brought in accordance with the provisions of Section 4915 of the Revised Statutes of the United States, 35 U.S.C.A. § 63. On June 2, 1936, Frederick E. McMullen (hereinafter referred to as "McMullen") filed an application for United States Letters Patent, Serial No. 83,118, for a method of cutting gears and a device for practicing the method disclosed. This application was assigned to plaintiff Gleason Works, a New York corporation. Ernest C. Head (hereinafter referred to as "Head") filed an application for United States Letters Patent, Serial No. 66,672, in March, 1936, for a gear cutter, and assigned a half interest in this application to defendant Goddard & Goddard Company, Inc., a Michigan corporation. The subject matter of the two applications was similar in that the McMullen application disclosed a finish cutter and the Head application disclosed a roughing cutter.

2. On July 26, 1938, the Commissioner of Patents instituted interference proceedings No. 76,059, and after protracted hearings awarded priority of invention to Head. Thereafter Patent No. 2,270,003, including the counts in interference, was issued to Head and Goddard.

3. No appeal to the United States Court of Customs and Patent Appeals was taken, and this action was then filed in accordance with the provisions of the Statute.

4. Originally there was only one count in interference which became claim 5 of the Head patent. From the outset McMullen contended that the invention covered by this count (claim 5) was not disclosed in the Head application. This issue was raised by McMullen's motion to dissolve the interference and was overruled by the Patent Office. Thereupon three additional counts were added which were allowed to Head as claims 9, 8 and 12, respectively, of the Head patent.

5. After the proceedings in this Court were commenced the Head patent was assigned to plaintiff Gleason Works. Plaintiffs notified the Commissioner of Patents that the Head patent and the McMullen application were owned by a common assignee and the Commissioner was requested to participate in the trial of the case. The Court was also notified of the common

ownership. The defendants gave notice that they would not participate in the trial of this action, and the plaintiffs proceeded to put in their proof ex parte.

6. The only issue involved is the right of Head to make the counts in interference herein involved. In addition to the Patent Office records and the exhibits, two witnesses were called by the plaintiffs. The method of cutting gears of the type involved in both the McMullen and Head applications consists of three steps after the forging is prepared for cutting. At the time the application was filed, and up to the date of this hearing, it was the practice to first rough-cut the gears. In this operation it was the practice to cut both sides of the gear teeth in one operation. After the gears are rough cut it was, and is, the practice to finish-cut the gears. Ordinarily this operation is, of necessity, confined to cutting one side of the tooth at a time. Both of these operations are performed before the gear is hardened. After the gears are hardened they are lapped. It is impractical to carry the lapping operation to the full depth of the teeth. This leaves a slight extension on the side of the gear tooth which is referred to in this record as "top line" interference.

Prior to the time that McMullen developed his invention it was necessary to remove this extension by a hand operation which was slow and expensive. The device disclosed by McMullen has gone into wide public use and has met with unusual commercial success.

The disclosure in the Head application was limited solely to a rough-cutting device, and it cannot be used as a finish cutter in the manner that the McMullen device is used. In his application Head suggested that his device could be used as a finish cutter, but did not explain how this can be done, and competent witnesses testified that it would be impossible to use the Head device for finishing. Devices constructed in accordance with the teachings of the Head disclosure and the claims of the Head patent, other than the claims involved in these proceedings, never went into commercial use.

7. The McMullen application discloses two embodiments of a face mill gear cutter intended for finish cutting gear teeth after they have been rough-cut and before they are hardened and lapped. Both embodiments of McMullen's cutter have side cutting edges of two different pressure angles. In one embodiment the side cutting edges of larger pressure angle are on certain of the blades of the cutter and each of the remaining blades has a corresponding side cutting edge of smaller pressure angle. In the other embodiment each blade of the cutter has a side cutting edge of large pressure angle and a side cutting edge of small pressure angle, the smaller pressure angle cutting edge being adjacent the tip of the blade. As distinguished from the Head patent, which in all embodiments has outside and inside cutting blades, the McMullen application in every embodiment discloses a cutter having either all outside cutting blades or all inside cutting blades, McMullen's cutter being a pinion finishing cutter which only cuts on one side of the tooth space. This was a patentable invention disclosed by McMullen and not disclosed by Head.

### Conclusions of Law

I. This is an action arising under the Patent Laws of the United States and this Court has jurisdiction. 28 U.S. C.A. § 41(7); Schmertz Wire Glass Co. et al. v. Pittsburgh Plate-Glass Co., C.C.W.D. Pa., 168 F. 73; Schmertz Wire Glass Co. et al. v. Western Glass Co., C.C.N.D.Ill., E.D., 178 F. 973; Colman et al. v. Hathaway et al., D.C.Mass., 285 F. 602, 604; Westinghouse Electric & Mfg. Co. v. Radio Corporation of America, D.C.Del., 24 F.Supp. 933, 944; Bayer v. Rice, 64 App.D.C. 107, 75 F.2d 238, 241, 242.

II. The question in an interference proceedings of the right of a party to make the counts in issue based upon the disclosure of his application is one of fact. The evidence submitted establishes that the counts in issue are directed to a patentable invention, and is of a character sufficient to produce a clear conviction that the Patent Office was in error in holding that Head was entitled to make the counts in interference.

Judgment sustaining the complaint and an order authorizing the Commissioner of Patents to issue a patent to McMullen on his application containing the counts involved in Interference No. 76,059 is being entered simultaneously herewith.